UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MIGUEL CONTRERAS, JR., BY AND
THROUGH HIS MEDICAL POWER OF
ATTORNEY, MATTHEW ANDREW
GARCES, RN, CEO, AND
INDIVIDUALLY, MATTHEW ANDREW
GARCES, INDIVIDUALLY

 *Plaintiffs*,

v.             Case No. 5:25-CV-0634-JKP

CHRISTUS HEALTH, CHRISTUS
SANTA ROSA HEALTH SYSTEM,
CHRISTUS WESTOVER HILLS
HOSPITAL, JOHN HAM, M.D., JOHN
DOES 1-3, (NURSES AND AGENTS OF
CHRISTUS); DR. PAUL HAM, RN
SIBONEY SALINAS,

 *Defendants*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge ("R&R") filed September 2, 2025, (ECF No. 8). Plaintiff Matthew Andrew Garces has filed this action on behalf of himself and Miguel Contreras. For ease of reference, the Court will simply refer to Garces as Plaintiff. Considering Plaintiff's Second Amended Complaint (ECF No. 12) as the operative pleading, the Magistrate Judge recommends that the Court dismiss this action for lack of subject matter jurisdiction and as frivolous. Further, for the same reasons stated in *Garces v. Rossbach*, No. 5:25-CV-0441-JKP (W.D. Tex. June 4, 2025) (report and recommendation, ECF No. 14), the Magistrate Judge recommends that the Court designate Plaintiff as a vexatious litigant and impose a prefiling injunction against Plaintiff.

The Magistrate Judge provided instructions for service and notified Plaintiff of his right to object. The notice informed Plaintiff that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a *de novo* determination by the District Court." After issuance of the R&R and recusal of the prior presiding District Judge, this case was randomly reassigned to the undersigned. Plaintiff has filed no objection to the R&R, and the time for doing so has expired.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. As this Court found in a substantially similar case filed by Plaintiff on behalf of Miguel Contreras, Cause No. 5:25-cv-0608-JKP, Plaintiff lacks standing to plead a violation of the Emergency Medical Treatment and Labor Act ("EMTALA"). Standing is a jurisdictional matter. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). And, as to

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.

Plaintiff's asserted claims based on Texas law, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367. *See Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 307 (W.D. Tex. 2020). Section 1367 "is plainly inapplicable because, by its terms, it presupposes that the district court obtained supplemental jurisdiction over the state law claims via original jurisdiction over federal claims arising from the same case or controversy." *Id.* (quoting *Avitts*, 53 F.3d at 693). Because this Court has not obtained original jurisdiction over any federal claim in this case, "there is no federal jurisdiction to supplement through § 1367." *Id.*

Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 8). As recommended, the Court **DISMISSES** this action for lack of subject matter jurisdiction and as frivolous under 28 U.S.C. § 1915(e). It is within a court's discretion to dismiss an action as frivolous due to jurisdictional defects. *See Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citing *Oltremari v. Kan. Soc. & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994) ("A complaint is frivolous within the meaning of § 1915(d) [now § 1915(e)], if its subject matter is outside the jurisdiction of the court."); *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989) ("When a court does not have jurisdiction to hear an action, the claim is considered frivolous.")).

Because the Court has already designated Plaintiff Matthew Andrew Garces as a vexatious litigant and imposed a prefiling injunction against him, *see Garces v. Rossbach*, No. SA-25-CV-0441-JKP, 2025 WL 2544022, at *2 (W.D. Tex. Sept. 4, 2025), there is no real need to do so again. But there is also no clear error in doing so. After weighing all relevant circumstances including the four factors set out in *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), the Court agrees that the facts and circumstances warrant his designation as a vexatious litigant and finds that a prefiling injunction is warranted for Plaintiff continuing to file

federal cases without a proper factual basis after being warned that a prefiling injunction could be imposed for such conduct. Accordingly, Plaintiff is again enjoined from filing any civil action in the Western District of Texas unless he has first obtained permission to file such suit from a judge of the Western District of Texas.

The Court **MOOTS** Plaintiff's application for permission to file electronically (ECF No. 2) and will issue an appropriate final judgment by separate filing.

**IT IS SO ORDERED this 2nd day of October 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**